## MILLER v. TERKELDSEN *et al.*

**Appeal:** TRIAL DE NOVO : EVIDENCE WANTING. Where it appears, on an appeal from a judgment in equity, that appellant's abstract does not contain all the evidence offered and received in the court below, there can be no trial *de novo* in this court.

*Appeal from Jasper District Court.*—HON. W. R. LEWIS, Judge.

FILED, JUNE 3, 1890.

THIS is an action upon an administrator's bond. The plaintiff was a creditor of the estate, and his claim was duly proved and allowed by the court, but was not paid. There was a trial by the court, and a judgment for the plaintiff. Defendants appeal.

*Alanson Clark*, for appellants.

*Kerr & McElroy*, for appellee.

ROTHROCK, C. J.—The suit was in equity, and involved the question as to whether an order of the court discharging the administrator, and releasing his

sureties, should be set aside for maladministration and fraud. The court below held that the discharge should be set aside, and so ordered and decreed. There is a controversy between counsel upon the question whether the appellants' abstract is an abstract of all the evidence offered and received on the trial. We have examined the transcript, and our conclusion is that the claim of counsel for appellee is correct. The question of fraud turns largely upon the acts of the administrator in permitting the widow of the deceased to act in his place as administrator. She disposed of property and paid debts which were not filed nor allowed as claims against the estate, and afterwards the administrator, by some sort of a *nunc-pro-tunc* proceeding, undertook to correct the proceedings of the widow so as to present a record upon which he could release himself from liability. The abstract of appellants is defective, in that it fails to set out nearly all of the oral evidence introduced upon the trial upon this question. In the argument of appellants in reply, errors are assigned, but we are not asked to try the appeal as in a law action, and it is asserted that appellants' abstract "fairly sets out all the record material to the determination of this action." This is an insufficient presentation of the record to authorize a trial anew upon the merits. The judgment and decree of the district court will be

